IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. ROBINSON, JR.<br><br>Plaintiff<br><br>v.<br><br>LANEKO ENGINEERING COMPANY and WILLIAM JAMES DERRAH, SR.<br><br>Defendants | CIVIL ACTION<br>NO. 14-05036 |

PAPPERT, J.                                                                                                  June 30, 2015

## MEMORANDUM

Plaintiff Thomas E. Robinson, Jr. ("Robinson Jr." or "Plaintiff") sues for payment of pension benefits allegedly owed to his deceased father, Thomas E. Robinson, Sr. ("Robinson Sr."). Now that discovery in the matter has closed, Defendants Laneko Engineering Company ("Laneko") and William James Derrah, Sr. ("Derrah") (collectively, "Defendants") move for summary judgment on Robinson Jr.'s claims. They argue, among other things, that Robinson Jr. has not produced any evidence to show that his father did not already receive the allegedly due benefits, and that in any event, his claims are barred by the relevant statute of limitations. The Court need not address these arguments, however, because Robinson Jr. does not have standing to sue for benefits allegedly owed to his father. As a result, the Court lacks subject matter jurisdiction over the action. Robinson Jr.'s claims are accordingly dismissed.

**Factual and Procedural Background**

Robinson Sr. began working for Laneko on April 22, 1974. (Def.'s Stmt. Undisputed Facts ¶ 3, Doc. No. 13-1.) He began participating in Laneko's pension plan the following year. (*See id.*) Derrah administered Laneko's pension plan. (*Id.* ¶ 4.) Laneko terminated its pension plan on November 16, 1998. (*Id.* ¶ 8.) Approximately two months before the termination,

Laneko sent a letter to Robinson Sr. (*Id.* ¶ 5.) The letter stated that Robinson Sr. had an accrued benefit of $332.50 per month, payable as a life annuity once he reached the age of 65. (*See* Rodgers Decl., Ex. A, Doc. No. 13-2.) The lump sum value of the annuity benefit was $18,889.36. (*Id.*) The letter explained that Robinson Sr. had four options. He could (i) transfer the lump sum value into the Laneko 401(k) plan; (ii) transfer the lump sum value into an IRA; (iii) receive a distribution of the lump sum value, subject to tax withholding; or (iv) receive the monthly annuity to commence when he reached age 65. (*Id.*)

The parties dispute what option, if any, Robinson Sr. chose. Plaintiff produced an election form with option four (the annuity) selected. (*See id.*) The form is dated May 5, 1999, but it is unsigned. (*Id.*) Defendants are uncertain as to whether they ever received an election form from Robinson Sr., but they attest that the insurance company that purchased the annuity contracts has no record of purchasing one in Robinson Sr.'s name. (Def.'s Stmt. Undisputed Facts ¶ 15.) Robinson Sr. died in 2007 at the age of 61. (*See id.* ¶ 12.) Plaintiff alleges that before his death Robinson Sr. never received any pension benefits, as a rollover, a lump sum distribution, or an annuity.

On January 13, 2014, Robinson Jr. filed a complaint in the Montgomery County Court of Common Pleas to recover his father's pension. The complaint does not contain any specified "counts," but appears to allege state law claims for breach of contract and conversion. Defendants removed the action to this Court, arguing that Plaintiff's claims are subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, giving the Court federal question jurisdiction under 28 U.S.C. § 1331. Defendants then filed an answer and the parties conducted discovery.

Defendants now move for summary judgment. They advance three arguments in support of their motion. First, they argue that Plaintiff has not produced evidence to show that Robinson Sr. did not receive all of the pension benefits due to him before his death. Second, they assert that Plaintiff's claims are barred by the relevant statute of limitations. Third, they contend that Plaintiff lacks standing under ERISA to pursue a claim for his father's pension benefits. The parties submitted multiple briefs on the motion.

**Legal Standard**

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *see also* Fed. R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A mere scintilla of evidence in support of the non-moving party will not suffice; there must be evidence by which a jury could reasonably find for the non-moving party. *Liberty Lobby*, 477 U.S. at 252.

Where the non-moving party bears the burden of proof at trial, the moving party can meet its initial summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to present affirmative evidence from which a jury might return a verdict in his favor. *Liberty Lobby*, 477 U.S. at 257; *see also Celotex*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

**Discussion**

As a threshold matter, the Court considers whether it has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as asserted by Defendants.[1] Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "a cause of action 'arises under' federal law . . . only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995); *see also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

Nevertheless, there is a "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to 'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). In such cases, "complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Id.* Courts recognize that "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded

---

[1] Neither party asserts any other basis for this Court's jurisdiction, and it appears that no other basis for jurisdiction exists.

4

complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)) (quoting *Metro. Life Ins. Co.*, 481 U.S. at 65-66).

Here, there is no federal claim on the face of the complaint. Rather, the complaint asserts state law claims for breach of contract and conversion. Robinson Jr. alleges that Defendants are "contractually and legally obligated" to pay Robinson Sr.'s pension benefits and are "trying to steal [Robinson Sr.'s] pension for their own personal gain." (Compl. ¶¶ 13-14, Doc. No. 1, Ex. A.) In his request for relief, Robinson Jr. seeks payment of the pension benefits allegedly due to his father. (Compl. ¶ 15.) These claims relate to and are dependent on the Laneko pension plan, an employee benefit plan covered by ERISA. They consequently fall under ERISA's civil enforcement provision so that the Court has federal question jurisdiction and Defendant's removal of this action was proper. *See Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) ("Complete preemption creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint. One example of complete preemption is a claim for denial of benefits under an ERISA plan. Such a claim comes under ERISA's civil enforcement provision, § 502(a)(1)(B)."); *see also Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 (3d Cir. 2014) ("Claims involving denial of benefits or improper processing of benefits require interpreting what benefits are due under the plan. Because these claims explicitly require reference to the plan and what it covers, they are expressly preempted [by ERISA].").

This determination does not end the jurisdictional inquiry however, because Defendants argue that "Plaintiff lacks standing [under ERISA] to bring suit to recover any remaining benefits of the Pension Plan." (Mem. Supp. Mot. Summ. J. p. 7, Doc. No. 13-1.) Because this argument implicates the Court's jurisdiction, the Court addresses it as a threshold matter. *See Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 294 (3d Cir. 2007) ("[S]tatutory standing is an issue of subject

5

matter jurisdiction . . . ."); *Miller v. Rite Aid Corp.*, 334 F.3d 335, 345 (3d Cir. 2003) ("Miller had no standing to bring a claim against Rite Aid pursuant to ERISA, and the District Court was without jurisdiction to rule on Miller's purported claim.").

ERISA's civil enforcement provision specifies that "a participant or beneficiary" may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). The statute defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). It defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Here, it is undisputed that Robinson Sr., not Robinson Jr., was the plan participant. (*See* Compl. ¶ 11.) Therefore, if Robinson Jr. has standing it must be as a beneficiary.[2] Because the issue is before the Court at the summary judgment stage, Robinson Jr. must present evidence by which a reasonable jury could rule in his favor on this issue. *See Miller*, 334 F.3d at 343 ("Standing is not a mere pleading requirement, but rather an indispensable part of the plaintiff's case, each element of which must be supported in the same way as any other matter on which the

---

[2] Although Plaintiff's claims are pled as a claim for benefits under 29 U.S.C. § 1132(a)(1), Plaintiff later contends that his claims are for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). *Compare* Compl. ¶ 15 (requesting payment of Robinson Sr.'s pension benefits) *with* Pl.'s Opp'n Br. at 4 ("Additionally, this is a fiduciary duty claim because the defendants failed to submit the plaintiff's father's name to the insurance company of the annuity, and failed to give the plaintiff's father a lump sum payment."). The only difference in statutory standing with regard to a claim for benefits and a fiduciary duty claim is that the former can be asserted by participants and beneficiaries while the latter can be asserted by participants, beneficiaries, and fiduciaries. The evidence of record shows that Robinson Jr. does meet the statutory definition of a fiduciary, and no party contends that he does. Therefore, whether he has ERISA standing to bring a claim under either section turns on whether he meets the ERISA definition of a beneficiary.

6

plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (quotation omitted).

Robinson Jr. has not presented any evidence to show that he is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). He has not produced any beneficiary designation form, provided the relevant terms of the plan, or submitted an affidavit stating that he is a beneficiary as defined by ERISA. Because Robinson Jr. would bear the burden of establishing his standing at trial, this lack of evidence is conclusive at the summary judgment stage and fatal to Robinson Jr.'s claims. *See, e.g.*, *Cole v. Guardian Life Ins. Co. of Am.*, No. 11-cv-1026, 2013 WL 4039025, at *9 (D.N.J. Aug. 7, 2013) (granting summary judgment motion where "Plaintiff has failed to meet her burden of establishing, *inter alia*, the threshold requirement of statutory standing [under ERISA].").

Robinson Jr. asserts that he has standing based on a verified statement by his mother, Lydia Robinson. In the statement, Ms. Robinson asserts that she is the administrator of Robinson Sr.'s estate and has given Robinson Jr. permission to pursue the allegedly due benefits on behalf of the estate. (Pl.'s Opp'n Br., App. A, Doc. No. 23.) Robinson Jr. also argues that his mother is due benefits in her own right as a "Surviving Spouse" under the plan, and that she has given him authority to pursue these benefits as well. (Pl.'s Sur-reply pp. 4-5.)

These arguments fail. Robinson Jr. is not an attorney. He therefore cannot sue in a representative capacity on his mother's behalf – either individually or in her capacity as administrator of her late husband's estate. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("[W]e hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not

7

entitled to play the role of attorney for his children in federal court."); *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 630 n.1 (E.D. Pa. 2010) ("[A]lthough an individual is entitled to represent himself *pro se*, he may not act as an attorney on behalf of others in federal court."). Robinson Jr. cannot represent Ms. Robinson, and Ms. Robinson's purported grant of authority for Robinson Jr. to "obtain my husband's pension" cannot confer ERISA standing on Robinson Jr.

The Court concludes that Robinson Jr. lacks statutory standing to sue for pension benefits purportedly owed to his father.[3] Consequently, the Court lacks subject matter jurisdiction over Robinson Jr.'s claims and therefore has no authority to rule on Defendant's arguments that go to the merits of those claims.[4] *See Miller*, 334 F.3d at 345. The complaint is dismissed for lack of subject matter jurisdiction.

An appropriate order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[3] "To bring a civil action under ERISA, a plaintiff must have constitutional, prudential, *and* statutory standing." *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.*, 454 F.3d 120, 125 (3d Cir. 2006) (emphasis added). Because the Court's ruling that Robinson Jr. does not have statutory standing under ERISA is dispositive, it does not address whether Robinson Jr. has constitutional or prudential standing.

[4] After Defendants' motion for summary judgment was fully briefed, Plaintiff submitted a request that the Court accept a letter from the MassMutual Financial Group and certain Laneko pension plan financial records as "new evidence" and make them a part of the official record. (*See* Doc. No. 31.) Plaintiff contends that these documents show "what his late father [is] owed in pension benefits." (*Id.* ¶ 10.) Once again, however, Plaintiff does not have standing to recover benefits allegedly owed to his father. Therefore, this "new evidence" does not alter the Court's analysis or change the outcome of the case.